IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHARLES WADE ANDERSON, | ) |
| Plaintiff, | ) |
| v. | ) CIV-05-1393-F |
| JUDGE SUZANNE PRITCHETTE, et al., | ) |
| Defendants. | ) |

REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed without prejudice for failure to state a claim for relief and on the ground of immunity pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

I. Initial Review under 28 U.S.C. §§1915A and 1915(e)(2)(B)

In considering a civil complaint filed by a prisoner, the court has the responsibility to screen as soon as possible a complaint in a civil action filed by a prisoner in which the prisoner "seeks redress from a governmental entity or officer or employee of a governmental

entity." 28 U.S.C. § 1915A(a).  On review, the court must dismiss a prisoner's cause of action seeking relief from a governmental entity or officer or employee of a governmental entity at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915A(b).  Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed *in forma pauperis* against any defendant at any time the court determines one of the above is present.

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).[1]  In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. Id.   A *pro se* plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the "broad reading" of *pro se* complaints dictated by Haines "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110.  The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170,

---

[1]The "standard for dismissal for failure to state a claim is essentially the same under" both Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §1915(e)(2)(B)(ii). Curley v. Perry, 246 F.3d 1278, 1283 (10th Cir.), cert. denied, 534 U.S. 922 (2001).

1173-1174 (10th Cir. 1997).

II. County and Municipal Defendants

In his Complaint, Plaintiff alleges that he is being detained in the Kingfisher County Jail pending criminal proceedings in the District Court of Kingfisher County. His allegations in the Complaint and an attached criminal information reflect that Plaintiff has been charged in the Kingfisher County District Court with criminal offenses of possession of a controlled dangerous substance with intent to distribute, possession of a controlled dangerous substance (methamphetamine), and unlawful possession of drug paraphernalia. Named as Defendants in the Complaint are Kingfisher County Associate District Judge Susie Pritchett,[2] the Kingfisher County Sheriff's Department, the Okarche Police Department, Okarche Police Officer Frank Tyngra, and a private bail bondsman, Joe Bob Nelson. The Complaint is deficient in several respects. Plaintiff fails to identify any constitutional bases for his cause of action, and Plaintiff fails to even set forth a specific request for relief.

"A [§1983] suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same." Watson v. Kansas City, 857 F.2d 690, 695 (10th Cir. 1988)(citations omitted). When a plaintiff seeks to recover damages from an official in his or her official capacity or from a department of a governmental entity, the plaintiff's suit is one against the governmental entity alone. Kentucky v. Graham, 473 U.S. 159, 166 (1985). Accordingly, Plaintiff's cause of action against the Kingfisher County Sheriff's Department

---

[2]Plaintiff identifies Judge Pritchett as "Suzanne Prittchette." For the purpose of this cause of action, the proper spelling of Judge Pritchett's name will be used.

is construed as a cause of action against Kingfisher County and Plaintiff's cause of action against the Okarche Police Department is construed as a cause of action against the City of Okarche.[3]

"A plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation." Myers v. Oklahoma County Bd. of County Comm'rs, 151 F.3d 1313, 1316 (10th Cir. 1998)(citations omitted). See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978)(municipalities can only be held liable under § 1983 for "action pursuant to official municipal policy [or custom which] caused a constitutional tort"). Plaintiff alleges in the Complaint that he is being detained in the Kingfisher County Jail following his arrest on drug-related charges that stem from two traffic stops by an Okarche police officer. Plaintiff's Complaint contains no allegations of a policy or custom of the City of Okarche or Kingfisher County causing any alleged constitutional deprivations. Accordingly, his cause of action against these governmental entities and against Defendant Tyngra in his official capacity should be dismissed for failure to state a claim for relief under 42 U.S.C. § 1983.

III. Individual Defendants - Judge Pritchett

The Complaint names Judge Pritchett as a Defendant. However, Plaintiff's only

---

[3] Although Plaintiff has not specified in the Complaint whether he is suing the individuals Judge Pritchett and Frank Tyngra in their individual capacities or in their official capacities, to the extent the Complaint can be construed to assert claims against these individuals in their official capacities the same principle applies and the official capacity suits are construed to assert claims against the governmental entities employing these individuals.

allegations against Judge Pritchett are that she set an excessive bail bond in a criminal case pending against Plaintiff in the Kingfisher County District Court and that, after he was released from custody on that bond and subsequently charged with more criminal offenses in the Kingfisher County District Court, Judge Pritchett refused to release Plaintiff pending trial after finding that he is considered a "danger to society."

It is clear from the face of the Complaint that Judge Pritchett is absolutely immune from this §1983 action for monetary damages. Plaintiff's cause of action against Judge Pritchett is based entirely on actions taken by the judge in her judicial capacity. Plaintiff has not alleged, and there are no facts in the Complaint from which to infer, that Judge Pritchett's actions in presiding over the criminal proceedings involving Plaintiff were taken in a matter over which Judge Pritchett had no jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11-12 (1991)(*per curiam*) (judicial immunity is overcome only when the judge's "actions [are] not taken in the judge's judicial capacity" and when the judge's "actions though judicial in nature, [are] taken in the complete absence of all jurisdiction"). Accordingly, Plaintiff's 42 U.S.C. § 1983 action against Judge Pritchett should be dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B) on the grounds of failure to state a claim for relief and absolute immunity.

IV. Individual Defendants - Officer Tyngra

In his Complaint, Plaintiff also names as a Defendant Okarche Police Officer Frank Tyngra. The only allegations in the Complaint against Defendant Tyngra are that the criminal proceedings pending against Plaintiff in the Kingfisher County District Court grew

5

out of vehicle stops of Plaintiff's vehicle made by Defendant Tyngra in his capacity as an Okarche Police Officer. Plaintiff contends that there was insufficient probable cause to support the traffic stops, that there was insufficient evidence to support the drug possession charges filed against him, and that certain personal property "missing" from his vehicle following one of the traffic stops would show his innocence.

It has long been the policy of federal courts to avoid interference with pending state criminal prosecutions, except in narrow circumstances where irreparable harm is demonstrated. Younger v. Harris, 401 U.S. 37 (1971). The Younger doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." Phelps v. Hamilton, 122 F.3d 885, 889 (10th Cir. 1997). Under the doctrine established in Younger, abstention is appropriate whenever there exists (1) ongoing state proceedings, (2) which implicate important state interests, (3) wherein the state court affords an adequate forum to present the applicant's federal constitutional challenge(s). Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Taylor v. Jaquez, 126 F.3d 1294, 1296 (10th Cir. 1997), cert. denied, 523 U.S. 1005 (1998); Phelps v. Hamilton, 59 F.3d 1058, 1063-1064 (10th Cir. 1995). If these three conditions are met, Younger abstention is not discretionary absent extraordinary circumstances. Seneca-Cayuga Tribe of Oklahoma v. State of Oklahoma ex rel. Thompson, 874 F.2d 709, 711 (10th Cir. 1989).

According to the allegations in the Complaint, there are ongoing state proceedings concerning the criminal charges filed against Plaintiff in the District Court of Kingfisher

County. Plaintiff has an adequate forum to litigate his constitutional claims of insufficient probable cause to stop his vehicle and insufficient evidence to support the criminal charges either in a petition for a writ of prohibition to the Oklahoma Court of Criminal Appeals before his trial, in a trial, or in a direct appeal should he be convicted in the pending criminal proceedings. See Okla. Stat. tit. 22, §1051 (direct appeal). Moreover, Oklahoma has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts.

"It is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps, 122 F.3d at 889 (quoting Phelps, 59 F.3d at 1066). See Perez v. Ledesma, 401 U.S. 82, 85 (1971)("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate.").

Assuming the truth of Plaintiff's allegation in the Complaint that Defendant Tynga was involved in two traffic stops of the same vehicle occupied by Plaintiff, this presumptively-truthful allegation does not, without more, create an inference of bad faith prosecution without hope of obtaining a valid conviction. The allegations in the Complaint do not overcome the presumption in favor of abstention in the case of these pending state court criminal proceedings. Therefore, the cause of action against Defendant Tynga in his individual capacity should be dismissed on the ground of abstention.

To the extent Plaintiff is seeking damages based on the allegedly unlawful arrests and insufficient evidence to support the pending criminal charges, Plaintiff's cause of action seeking damages should be dismissed under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court recognized that damages may not be recovered in a 42 U.S.C. §1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254." Id. at 487. Plaintiff has failed to demonstrate the prerequisite for maintaining claims of invalid arrest and insufficient evidence which relate to the validity of his pending state criminal proceedings. Accordingly, these claims are barred under Heck.

V. Private Defendant

The remaining Defendant named in the Complaint is a bail bondsman identified as Joe Bob Nelson. Plaintiff alleges only that Defendant Nelson secured a bond for Plaintiff's release from jail and then subsequently forfeited the bond "for no reason." Defendant Nelson is a private citizen who can be held liable under 42 U.S.C. § 1983 only if he was a "willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27 (1980). Plaintiff's Complaint fails to allege the necessary joint action between Defendant Nelson and a state entity or agent. Accordingly, Plaintiff's cause of action against Defendant Nelson should be dismissed for failure to state a claim for relief.

RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) and § 1915(e)(2)(B) for failure to state a claim for relief and on the grounds of abstention and immunity. Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A or §1915(e)(2)(B) constitutes one "strike" pursuant to 28 U.S.C. §1915(g). The Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by     January 24th    , 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this    4th    day of    January    , 2006.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE