**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

CHARLES WADE ANDERSON, )
)
Plaintiff, )
)
vs. ) Case No. CIV-05-1393-F
)
JUDGE SUZANNE PRITCHETT, )
et al., )
)
Defendants. )

**ORDER**

Plaintiff is a pretrial detainee appearing pro se and in forma pauperis, who brings this civil rights action pursuant to 42 U.S.C. § 1983.

On January 4, 2006, upon initial screening, Magistrate Judge Gary M. Purcell recommended that this cause of action be dismissed without prejudice for failure to state a claim for relief and on the ground of immunity, pursuant to 28 U.S.C. §§1915A(b) and 1915(e)(2)(B). On January 9, 2006, plaintiff, whose pleadings are liberally construed, filed an unsigned document entitled "Motion to Compel Lower Court and Jail Administration to Provide Legal Books, Research Books." (Doc. no. 9.) The court construes plaintiff's filing as an objection to the Report and Recommendation, and as a motion for the court to compel the jail administrator to provide legal books to the plaintiff. (For the sake of brevity, this Order often refers to plaintiff's filing simply as a "motion.")

The motion is not signed and does not comply with Rule 7 or Rule 11 of the Federal Rules of Civil Procedure. Rule 7(b)(3) pertains specifically to motions and requires all motions to be signed in accordance with Rule 11. Although plaintiff appears pro se, he is not excused from compliance with the rules. Nielsen v. Price, 17

F.3d 1276 (10th Cir. 1994). Moreover, the lack of a signature is not just a technical defect. In United States v. Diabetes Treatment Centers of America, Inc., 238 F. Supp. 2d 270, 278 (D.C. 2002), a motion to quash was described as "not a motion at all," where it was not signed as required by Rule 7(b)(3). The court stated that the signature "requirement is not a mere formality" because signature constitutes a "solemn pledge by an officer of the court as to the bona fides of the motion, in accordance with Rule 11." Rule 11(a) requires a party who is not represented by counsel to sign his or own motions and other papers.

Pursuant to the above authorities, failure to sign the motion is sufficient grounds upon which to deny the relief sought. Out of an abundance of caution, however, the court has reviewed de novo all of plaintiff's stated grounds for relief on their merits. Having done so, the court finds that plaintiff has not offered any developed argument as to why the Magistrate Judge's recommendations or findings should be rejected, or as to why the jail administration, which is not a party to this action, should be compelled to produce legal books. Plaintiff offers no explanation of any way in which he has been denied access to legal resources and plaintiff suggests no arguments which he wishes to pursue but has been unable to pursue. Indeed, with one exception, plaintiff's motion offers only conclusory statements in support of the relief he seeks. That one exception is plaintiff's statement that "the lower court, defendant, and KFC has attempted to prejudice this higher court by Blatantly announcing the charges pending against Plaintiff and inflaming the higher court with presumed guilt." (Spelling corrected; emphasis in original.) This argument is unpersuasive and does not entitle plaintiff to any relief.

Having carefully reviewed plaintiff's filing, construed both as an objection to the Report and Recommendation and as a motion, and having reviewed the Report and Recommendation de novo, the court finds and concludes that nothing would be gained

by repeating any of the Magistrate Judge's analysis or findings here and that the Report and Recommendation should be affirmed. The court also finds that plaintiff's motion for a court order compelling the jail administrator to produce legal books should be denied.

## Conclusion

Construed as an objection to the Report and Recommendation, the objection is **DENIED**. Construed as a motion for the court to compel the jail administration to produce legal books to the plaintiff, the motion is **DENIED**. All relief requested is denied because plaintiff's filing is not signed and, alternatively, on the merits. The Report and Recommendation of the Magistrate Judge is **ACCEPTED**, **ADOPTED**, and **AFFIRMED**. This action is **DISMISSED** without prejudice for failure to state a claim for relief and on the ground of immunity, pursuant to 28 U.S.C. § § 1915A(b) and 1915(e)(2)(B).

Dated this 13th day of February, 2006.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1393p002(pub).wpd